**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RIMPY MEHMI BAHENA *et al.*,

         *Plaintiffs*,

    v.

TRACY RENAUD, Senior Official
Performing the Duties of the Director, U.S.
Citizenship and Immigration Services,

         *Defendant*.

Civil Action No. 21-291 (RDM)

## MEMORANDUM OPINION

Plaintiffs Abel Bahena, a U.S. citizen, and his wife, Rimpy Mehmi Bahena, a citizen and national of India, bring this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and Mandamus Act, 28 U.S.C. § 1361, to compel the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate their marriage-based immigration case.  Dkt. 1 at 1–2 (Pet. ¶¶ 1–2, 4).  Pending before the Court is the USCIS's motion, pursuant to 28 U.S.C. § 1404, to transfer the case "to the United States District Court for the District of Oregon, where Plaintiffs reside and where the immigration application at issue in this case remains pending" or, in the alternative, to dismiss this case under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3) for failure to state a claim against officials that reside in this district and improper venue.  Dkt. 4 at 6.  For the reasons set forth below, the Court will **GRANT** the USCIS's motion to transfer the case.

## I.  BACKGROUND

When evaluating a motion to transfer venue, "a court should only consider undisputed facts supported by affidavits, depositions, stipulations, or other relevant documents."  *One on*

*One Basketball, Inc. v. Glob. Payments Direct, Inc.*, 38 F. Supp. 3d 44, 48 (D.D.C. 2014).  The Court therefore draws the relevant facts from uncontested allegations in Plaintiffs' petition and the declaration of Catherine C. Bowie, who recently "led the headquarters consolidation efforts" and "physical relocation" of the USCIS, Dkt. 9-1 at 1 (Bowie Decl. ¶ 1).

In October 2019, Abel Bahena filed a Form I-130 petition for his wife, Rimpy Mehmi Bahena, and she "filed an application for adjustment of status with [the] USCIS."  Dkt. 1 at 3 (Pet. ¶¶ 7–8).  Both Plaintiffs reside in Salem, Oregon.  *Id.* at 1 (Pet. ¶ 2); Dkt. 4 at 6.  "In September 2020, Plaintiffs attended an interview at" the USCIS's offices "where an immigration officer examined them and reviewed their immigration applications."  Dkt. 1 at 3 (Pet. ¶ 10). Their application remains pending before the USCIS's Portland Field Office in Portland, Oregon. *Id.* (Pet. ¶¶ 7–8); Dkt. 4 at 6 & n.1.  On January 31, 2021, Plaintiffs brought this action against Tracy Renaud, in her official capacity as the Senior Official Performing the Duties of Director of the USCIS, because they had not yet received a decision on their immigration application.  Dkt. 1, 3 (Pet. ¶¶ 3, 11).

Although its headquarters were previously located in five buildings in the District of Columbia (and one in Arlington, Virginia), the "USCIS began physically relocating agency offices on August 27, 2020."  Dkt. 9-1 at 2 (Bowie Decl. ¶ 4).  "The relocation entailed moving the USCIS headquarters . . . located in the six buildings . . . into the new Camp Springs, Maryland location," a move that the agency completed on December 11, 2020.  *Id.* (Bowie Decl. ¶¶ 5–6).  "There [have been] no USCIS headquarters level offices located within the District of Columbia" since December 11, 2020.  *Id.* at 3 (Bowie Decl. ¶ 8).  Three USCIS offices remain in Washington, D.C., but they "are not headquarters level programs[,] nor do they involve the type of application at issue in the instant matter."  *Id.* (Bowie Decl. ¶ 9).  Those remaining offices are

the Immigrant Investor Program Office, the Refugee Affairs Division, and the Arlington Asylum Pre-Screening Center.  *Id.*

The USCIS moved to transfer the case, or in the alternative to dismiss, on March 8, 2021. Dkt. 4.  Plaintiffs opposed transfer or dismissal, Dkt. 5, and the USCIS replied, Dkt. 7.  On April 2, 2021, the Court ordered the USCIS to submit a declaration under the penalty of perjury addressing "the timing of the relocation of [the] USCIS to Maryland and any remaining presence in the District of Columbia."  The Court allowed Plaintiffs to file a response to the declaration on or before April 16, 2021.  The USCIS submitted Bowie's declaration on April 9, 2021, Dkt. 9, and Plaintiffs did not file a response.

## II.  ANALYSIS

As an initial matter, the Court is unpersuaded that venue exists in this district.  Under 28 U.S.C. § 1391(e)(1), when a civil action is brought against an officer of the United States in her official capacity, venue lies in any district where "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (C) the plaintiff resides if no real property is involved in the action."  Plaintiffs bear the burden to establish that venue is proper in this district.  *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014).  Plaintiffs have failed to carry this burden.

First, Plaintiffs have failed to show that "a defendant in th[is] action resides" in the District of Columbia.  28 U.S.C. § 1391(e)(1)(A).  The sole defendant is Tracy Renaud, who is the Senior Official Performing the Duties of the Director of the USCIS.  Although the record does not disclose where Renaud personally resides, when a government official is sued in her official capacity, "[w]hat controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant."

3

*Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978); *see also Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 330–31 (D.D.C. 2020).  Here, the record demonstrates that Renaud's "official residence," *id*., is not located in the District of Columbia but, rather, is located in Camp Springs, Maryland, Dkt. 9-1 at 2 (Bowie Decl. ⁋ 7).  Second, Plaintiffs do not identify any relevant events that occurred in this district, nor do they identify any events that will take place here if they are successful in the litigation.  28 U.S.C. § 1391(e)(1) (B).  The application at issue is pending at the USCIS Field Office in Portland, Oregon, Dkt. 4 at 6 n.1; Dkt. 1 at 3 (Pet. ¶¶ 7–8); no action has yet occurred at the USCIS headquarters; and if the Court grants Plaintiffs relief and compels USCIS headquarters to take some action, that action will likely occur in Camp Springs, Maryland, Dkt. 9-1 at 1–3 (Bowie Decl.).  Finally, Plaintiffs themselves allege that they reside in Oregon, Dkt. 1 at 1 (Pet. ⁋ 2), and thus it is undisputed that no "plaintiff resides" in the District of Columbia, 28 U.S.C. § 1391(e)(1)(C).

The Court need not dismiss the action for improper venue, however, because all agree that venue exists in the District of Oregon (and perhaps in the District of Maryland), and the Court may transfer the action either for the convenience of the parties, 28 U.S.C. § 1404, or to cure the defect in venue, *id*. § 1406.  As explained below, the Court concludes that the interests of justice and efficiency support transfer to the District of Oregon.

Under 28 U.S.C. § 1404(a), the Court may transfer a case to "any other district or division where it might have been brought" for the "convenience of [the] parties and witnesses, in the interest of justice."  The inquiry is two-fold.  First, the Court must determine whether the case could have been brought in the transferee district.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).  Second, the Court must decide whether the private and public interests at stake favor transfer.  *Aracely v. Nielsen*, 319 F. Supp. 3d 110, 127 (D.D.C. 2018).  This requires the Court to

consider the "preferred forum of the parties," the "location where the claim arose," and other

"factors of convenience," as well as "the transferee district's familiarity with the governing law,"

the relative congestion of the courts," and the "local interest in deciding local controversies at

home." *Id.* at 128–30.

First, all parties agree that Plaintiffs could have brought this case in the transferee district,

the District of Oregon.  Dkt. 4 at 8; Dkt. 5 at 5.  As explained above, a case against a United

States officer may "be brought in any judicial district in which . . .  the plaintiff resides if no real

property is involved in the action."  28 U.S.C. § 1391(e)(1)(C).  This case involves no real

property, and Plaintiffs live in the transferee district.  Therefore, the case could have been

brought in the District of Oregon.

The private and public interests also weigh in favor of transfer to the District of Oregon.

Although Plaintiffs prefer to bring this case in the District of Columbia, for the reasons explained

above, that option is unavailable.  Moreover, even if Plaintiffs were able to demonstrate that

venue exists in this district, the nexus to this district is exceptionally weak.  Plaintiffs point to

only two connections: first, they claim that the website USA.gov listed the USCIS's headquarters

as based in Washington, D.C. at the time they filed their petition in this case, Dkt. 5 at 6 n.2; Dkt.

5-1 at 2, and, second, they contend that there is a "substantial nexus" between the District of

Columbia and this case because Renaud "dictates USCIS policy about the adjudication of

adjustment of status applications and has direct involvement with the extraordinary and

unreasonable delay in the adjudication of Plaintiff[] [Rimpy Mehmi Bahena's] adjustment of

status application," Dkt. 5 at 7.  But, as explained above, Plaintiffs' information is out of date.
The USCIS headquarters moved to Camp Springs, Maryland before Plaintiffs brought suit.

To be sure, venue might arguably exist in the District of Maryland, but neither party
seeks transfer to that district and, in any event, when, as here, "'the *implementation* of [a] policy
is at issue, and [] that implementation took place [in a different judicial district], venue is more
appropriately laid in [that other district].'"  *Pasem v. USCIS*, No. 20-cv-344, 2020 WL 2514749,
at *4 (D.D.C. May 15, 2020) (emphasis and alterations in original) (quoting *Huskey v. Quinlan*,
785, F. Supp. 4, 7 (D.D.C. 1992)).

The other private interest considerations further support transfer to the District of Oregon.
The USCIS cites to a panoply of cases from this district that stand for the proposition that cases
challenging immigration application decisions or the failure to act on immigration applications
arise from events in the district where the relevant field office is located.  Dkt. 4 at 9–10; *see e.g.*,
*Ike v. USCIS*, No. 20-cv-1744, 2020 WL 7360214, at *3 (D.D.C. Dec. 15, 2020); *EfficientIP,
Inc. v. Cuccinelli*, No. 20-cv-1455, 2020 WL 6683068, at *2 (D.D.C. Nov. 12, 2020); *Pasem*,
2020 WL 2514749, at *4; *Ngonga v. Sessions*, 318 F. Supp. 3d 270, 275–76 (D.D.C. 2018);
*Bourdon v. DHS*, 235 F. Supp. 3d 298, 305–06 (D.D.C. 2017).  Plaintiffs, for their part, cite only
one case denying a motion to transfer a case involving the adjudication of an immigration
petition from this district to the district where the field office was located, and that case, unlike
this one, challenged an application denial "based on policy guidance issued from USCIS
headquarters in the District of Columbia."  *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 56
(D.D.C. 2011); *see also* Dkt. 5 at 7.  Here, Plaintiffs do not allege that a particular USCIS policy
led to the delay in their case, and, in any event, the USCIS headquarters are no longer located in
this district.  Finally, the District of Oregon would be the more convenient forum for this action,

as Plaintiffs reside there and the field office most familiar with the facts of their application resides there as well.

The public interest also supports transfer to the District of Oregon.  This case is governed by federal law, and courts in this district have repeatedly recognized that federal judges across the country are familiar with federal laws, including those at issue in immigration disputes.  *See, e.g.*, *Wolfram Alpha*, 490 F. Supp. 3d at 335; *Bourdon*, 235 F. Supp. 3d at 309; *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013).  Furthermore, because this case arises from a decision made in the Portland, Oregon Field Office concerning Oregon residents, the District of Oregon has a local interest in deciding this controversy.

Finally, even if this district were a more convenient forum for one or more of the parties, the Court must apply the venue statute as written, and Plaintiffs have not carried their burden of showing that venue is proper in this district.  Because Plaintiffs brought their action in this district in good faith reliance on the USCIS webpage, which indicated that the agency was headquartered in the District of Columbia, and because dismissing the action would promote neither the interests of justice nor the efficient adjudication of the underlying dispute, the Court concludes that transfer is warranted.  Accordingly, the Court will, in the alternative, order transfer of this action to the District of Oregon pursuant to 28 U.S.C. § 1406(a).

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  May 6, 2021